**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4693**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON TERRELL BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:17-cr-00088-PMD-1)

Submitted: April 30, 2018                    Decided: May 9, 2018

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Beth Drake, United States Attorney, Columbia, South Carolina, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Terrell Brown appeals his sentence at the bottom of his Sentencing Guidelines range after pleading guilty to possession of a firearm by a felon. On appeal, he contends that the district court erred in finding that he assaulted an officer in a manner creating a substantial risk of serious bodily injury justifying an increase to his offense level under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2016). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citation omitted). We must first ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When reviewing a district court's application of a sentencing guideline, we review factual findings for clear error and legal conclusions de novo." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (citation omitted). "Under the clear error standard, we will only reverse if 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 552 U.S. at 51. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.) (citation omitted), *cert. denied*, 137 S. Ct. 2252 (2017).

"Section 3A1.2(c)(1) provides for a six-level enhancement where a defendant 'in a manner creating a substantial risk of serious bodily injury,' and 'knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such

2

officer during the course of the offense or immediate flight therefrom.'" *United States v. Hampton*, 628 F.3d 654, 659 (4th Cir. 2010) (quoting USSG § 3A1.2(c)(1)). "Application note 4(A) to § 3A1.2(c)(1) states that the provision applies in circumstances 'tantamount to aggravated assault.'" *Id.* (quoting USSG § 3A1.2 cmt. n.4(A)). "[A] completed battery satisfies § 3A1.2(c)(1)'s assault requirement." *Id.* at 661. We have reviewed the record and conclude that the district court did not clearly err in finding that Brown assaulted an officer in a manner creating a substantial risk of serious bodily injury justifying an increase to his base offense level pursuant to USSG § 3A1.2(c)(1).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*